# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-247 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon[1] |
| | ) | |
| RAYMOND J. SOBINA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

For the reasons that follow, Defendants' Partial Motion to Dismiss (Doc. 32) will be granted in part, and denied in part without prejudice.

In this prisoner civil rights case, five of the eight remaining Defendants seek dismissal of the claims stated against them. *See* Defs.' Br. (Doc. 33) at 5 (addressing claims against Defendants Kennedy, Mongelluzzo, Reed, Riskus and Steel). Plaintiff has not responded to Defendants' Motion. *Compare* Order (Doc. 35) at 1 (setting response deadline of May 10, 2010) *with* subsequent docket (no response from Plaintiff).

Although Plaintiff's Complaint is quite lengthy and somewhat convoluted, his claims appear well summarized in Defendants' brief. *See* Defs.' Br. at 2-3 (addressing Plaintiff's allegations regarding damage to his television set; search of Plaintiff's cell and his alleged assault; and Plaintiff's being confined under unconstitutional conditions in "strip [search] cell").

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 5 & 36).
[2] The Court also denies defense counsel's request for dismissal of Plaintiff's claims against Defendants Sobina and Burkhart "to the extent [that] they pertain to . . . the grievance process, *et[ cetera]*." *See* Defs.' Br. at 8 n.4. These Defendants have not sought dismissal of Plaintiff's claims as related to the conditions of his confinement in the "strip cell." *See id.* at 3 n.1.

As defense counsel correctly assert, Plaintiff's allegations against Defendants Kennedy, Mongelluzzo, Reed and Riskus relate to their handling of and/or involvement with Plaintiff's administrative grievances, and these allegations are insufficient to establish the "personal involvement" requirement under Section 1983. Torres v. Clark, 2010 WL 3975640, *2 (M.D. Pa. Oct. 8, 2010) ("[t]here is no *respondeat superior* liability in § 1983 actions," and "participation in the after-the-fact review of a grievance is not enough to establish" liability) (citations omitted); *accord* Mincy v. McConnell, 2010 WL 309268, *4 (W.D. Pa. Jul. 15, 2010) (holding same, citations omitted), *Rep't & Rec. adopted by Dist. Ct.*, 2010 WL 3092677 (W.D. Pa. Aug. 6, 2010). Plaintiff otherwise has failed to allege sufficient conduct to establish the personal involvement of Defendants Kennedy, Mongelluzzo, Reed and Riskus, and these individuals will be dismissed with prejudice from this lawsuit.

Defense counsel's "personal involvement" argument does not, however, extend to the allegations regarding Defendant Steel. The Complaint alleges that, upon Plaintiff's release from the restrictive housing unit ("RHU"), Defendant Steel refused Plaintiff's request to "check" whether Plaintiff's television set was functioning, as allegedly required under "Department Policy and Procedures." *See* Compl. at ¶¶ 3-5. The Complaint further alleges that, in response to Plaintiff's subsequent complaints regarding damage to his television set, Defendant Steel claimed he had "checked [Plaintiff's] TV," and that it "was [not] damaged during [Plaintiff's] one day" confinement in the RHU. *See id.* at ¶ 10.

While the Court offers no opinion regarding whether these allegations may support a cognizable claim under Section 1983, Defense counsel have failed to demonstrate that Defendant Steel should be dismissed for lack of "personal involvement." Thus, Defendants'

Motion to Dismiss is denied regarding Defendant Steel, although the denial is without prejudice to his requesting judgment on other grounds.[2]

For the reasons stated above, Defendants' Partial Motion to Dismiss (**Doc. 32**) is **GRANTED** regarding Defendants Kennedy, Mongelluzzo,[3] Reed and Riskus,[4] and these individuals are **DISMISSED WITH PREJUDICE**. Defendants' Motion is **DENIED**, without prejudice, regarding Defendant Steel.

IT IS SO ORDERED.

December 23, 2010                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] The Court also denies defense counsel's request for dismissal of Plaintiff's claims against Defendants Sobina and Burkhart "to the extent [that] they pertain to . . . the grievance process, *et[ cetera]*." *See* Defs.' Br. at 8 n.4. These Defendants have not sought dismissal of Plaintiff's claims as related to the conditions of his confinement in the "strip cell." *See id.* at 3 n.1. Under the circumstances, the Court sees little benefit to parsing Plaintiff's allegations to determine which ones relate exclusively to the grievance process, and which ones to the currently unchallenged "conditions of confinement" claims.

[3] Although Plaintiff claims that Defendant Mongelluzzo told him "it would not be wise to make problems" regarding his allegedly damaged television set, *see* Compl. at ¶ 11, this averment is insufficient to state a claim under Section 1983. Jacobs v. Bayha, 2010 WL 3895768, *4 (W.D. Pa. Sept. 30, 2010) (Conti, J.) ("mere verbal threats . . . do not give rise to constitutional violations, and are thus not actionable under § 1983") (collecting cases).

[4] The Court agrees with Defense counsel that the Complaint does not establish Defendant Riskus's personal involvement regarding Plaintiff's "conditions of confinement" claims. *Compare* Defs.' Br. at 7-8 n.2 (asserting same) *with* Compl. at ¶ 41 (alleging only that, when Plaintiff "stopped" Defendant Riskus and his superior to complain about conditions of confinement, superior "ordered" Defendant Riskus to have prison staff "give [Plaintiff] all the basic issued human necessities [sic]").

cc (via First Class U.S. Mail):

ERIC ROBINSON
AM-6940
SCI Fayette
PO Box 9999
LaBelle, PA  15450