IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-247 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RAYMOND J. SOBINA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Eric Robinson ("Plaintiff") is a state inmate currently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"). Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C § 1983, *et seq*. This suit was commenced with the receipt of the initial complaint by this Court, as an attachment to Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") on February 26, 2009. (Doc. 1). Plaintiff was granted leave to proceed IFP, and the complaint was filed, on the following day. (Docs. 2 and 3).

Currently before this Court is Plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. 75). In this motion, it appears that Plaintiff seeks an order enjoining non-party named "Christ M. Cook" from engaging in prison misconduct proceedings against Plaintiff for events that took place at SCI-Huntingdon on or about March 26, 2012. (Doc. 76 ¶¶ 1 and 2).

A. Analysis

Plaintiff's allegations involve acts or omissions alleged to have occurred at SCI-Huntingdon, which is located within territorial limits of the Middle District of Pennsylvania, by

1

an individual who is not a party to the instant lawsuit, and has not been served the complaint. As such, this Court is without authority to issue an order compelling the individual named in the motion to do anything. See, e.g., Fed. R. Civ. Pro. 65(a)(1) (prohibiting a court from issuing a preliminary injunction without advanced notice to parties).

Additionally, as these acts or omission took place well after the amended complaint was filed, and involve an entirely new cast of alleged bad-actors, there is a lack of a factual nexus between the allegations in this motion and the amended complaint, which precludes the grant of injunctive relief. See, e.g., Piskanin v. Rendell, 2007 WL 4554258, at *1 (W.D. Pa. Dec. 19, 2007) (citing cases). Accordingly, this motion (Doc. 75) will be denied. Furthermore, to the extent that Plaintiff wishes to seek relief from the federal courts for alleged acts or omissions that took place at SCI-Huntingdon, he must file a new lawsuit in the United States District Court for the Middle District of Pennsylvania.

AND NOW, this 2nd day of April, 2012,

IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 75) is DENIED.

                                                        s/Cathy Bissoon
                                                        CATHY BISSOON
                                                        UNITED STATES DISTRICT JUDGE

cc:
**ERIC ROBINSON**
AM-6940
SCI at Huntingdon
1100 Pike Street
Huntingdon, PA 16654

(via ECF email notification):
All Counsel of Record